HERMAN F. MOOSBRUGGER, PLAINTIFF, v. ROBERT V. D. SWICK, ADMINISTRATOR, DEFENDANT.

Submitted July 2, 1914—Decided November 20, 1914.

Whether or not a claim against the estate of a decedent was covinously assigned in order to enable the assignor, its beneficial owner, to avoid the disqualification of the fourth section of the Evidence act and to give testimony as to transactions with the deceased, is a question of fact to be decided by the trial court preliminarily to ruling upon the admissibility of the testimony of such witness, and in a proper case the court may by amendment join such beneficial owner as a plaintiff in the action in order to prevent a fraud upon the statute.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the rule, *Edward P. Johnson, Jr.,* and *Azariah M. Beekman.*

*Contra, Clarence E. Case.*

The opinion of the court was delivered by

GARRISON, J. This is an action against the estate of Jacob B. Swick, deceased, brought by the assignee of Nora B. Graves, who was permitted, over objection, to testify to transactions with the deceased touching the claim in suit which arose in this way: Swick in his lifetime contracted with Mrs. Graves to do certain repairs on a house belonging to her, but owing to illness was unable to perform his contract, which was completed by Mrs. Graves at an excess cost of $544.46. Swick died and Mrs. Graves presented her claim for the above amount to the personal representative of Swick and was notified to bring suit as her claim was disputed.

Instead of bringing suit, Mrs. Graves assigned her claim to the plaintiff, Moosbrugger, as whose witness she was called at

the trial and permitted to testify to transactions with the deceased that were prohibited by section 4 of the Evidence act, if she had herself brought suit on her claim. The court submitted to the jury the question of the *bona fides* of the assignment. This was proper as far as the question of the plaintiff's right to maintain the action was concerned.

The question, however, of the right of the plaintiff to examine Mrs. Graves as a witness to transactions with the defendant's intestate, presented a question that could not be submitted to the jury but must be passed upon by the trial court as a preliminary to the admission of Mrs. Graves as a qualified witness. Such a preliminary decision is for the court and not for the jury, as in the cases of dying declarations, confessions of crime, secondary proof of the contents of lost documents, and so forth. In the present case, there was direct and persuasive testimony that the assignment to the plaintiff was made by Mrs. Graves in order to qualify herself to give the testimony needed to substantiate the claim against the estate, and that in taking from the plaintiff a note at one year she practically guaranteed it herself, *i. e.,* that the enforceability of such note should depend upon the success of the suit at which she had thus qualified herself to give testimony that was prohibited if she herself had brought the suit.

It is not necessary to rehearse the testimony bearing upon this question, including the indifference of Mr. Moosbrugger to the litigation instituted in his name, and the fact that he was called as a witness only when his attendance had been secured by a subpœna served by the other side.

The point of procedure to which we wish to draw attention is that when it became apparent at the trial that a possible fraud upon the Evidence act would be perpetrated, if Mrs. Graves was permitted to testify to the transactions with the deceased, out of which her claim against his estate arose, it became the duty of the court to take the matter in hand as a question that involved the admissibility of evidence and to make a decision thereon upon such testimony as the parties offered or as the court required should be taken touching the question thus involved. That question, in view of the con-

struction placed upon section 4 of the Evidence act (*Cullen* v. *Woolverton*, 65 *N. J. L.* 279, and cases cited), is whether or not the assignor ought not by amendment to be made a party to the action in analogy to the practice first suggested by Chief Justice Gummere in *Platner* v. *Ryan*, 76 *Id.* 239.

At common law such assignor was a necessary party, and the statute that now permits assignees to sue in their own name is, when its object is considered, no barrier to an amendment joining the assignor as a party when the ends of justice so require. Such an amendment if found to be necessary to prevent a fraud upon the Evidence act would not in the event of a recovery by the plaintiffs disturb their legal rights *inter sese*, since the beneficial interest that would justify such an amendment need not be one that could be set up by the assignor against her assignee; it may be, and generally will be, a concealed interest or ownership that induces the perpetration of the fraud in aid of the assignee's legal rights by the introduction of the precise sort of testimony the legislature by the most unequivocal language has sought to exclude. It cannot be that the court must sit by and see this remedial purpose of the legislature frustrated or evaded by a palpable device. Remedial legislation of this sort is not self-executing, nor is it left entirely in the hands of litigants; the court itself has a duty in this respect that is clearly within its ordinary function of deciding as to the qualifications of witnesses whenever that question arises as a preliminary to a ruling upon the admissibility of evidence. This question cannot be left to the jury, as was done in the present case.

In order that a decision of this court question may be reached by the court, the rule to show cause in the present case is made absolute and the issue sent back for a new trial, without any expression of opinion as to the merits.